IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION


**JAMES MICHAEL WEAVER,**

    **Petitioner,**

vs.                          Case Number 4:05cv504-MP/WCS

**ALBERTO GONZALES,**
**MICHAEL CHERTOFF,**
**and MICHAEL ROZOS,**

    **Respondents.**

_____/

## REPORT AND RECOMMENDATION

This case was initiated on December 29, 2005, doc. 1, with the filing of a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, and a supporting memorandum of law. Petitioner James Weaver, who is represented by counsel, alleged he was "stateless because the Moroccan Government refuses to recognize that he is a citizen of Morocco." Doc. 2. Petitioner also asserted that he had been held in the custody since May 2, 2005, that the Bureau has been unable to remove him to Morocco and claimed that it is unlikely that he will be removed "to Morocco or any other country in the reasonably foreseeable future." Id. Thus, Petitioner sought release from custody pursuant to Zadvydas v. Davis, 533 U.S. 678 (2001). Id.

Service was ordered on January 11, 2006, and Respondents directed to file a response.  Doc. 3.  On March 20, 2006, Respondents filed a motion to dismiss the petition.  Doc. 8.  In particular, Respondents state that the United States Immigration and Customs Enforcement (ICE) "decided to release Petitioner from their custody."  *Id.*, at 1.  The motion to dismiss states that Petitioner's release would be "in a couple of days," and that the Court would be notified after confirmation of Petitioner's release.  *Id.*

At this point, nothing further has been received from Respondents confirming Petitioner's release.  Moreover, nothing has been received by Petitioner in response to the motion to dismiss.  The prior order directing service advised Petitioner that he could file "a reply, if desired, to the answer or response to the petition" filed by Respondents.  Doc. 3.  In light of his silence to the motion to dismiss, it is presumed Petitioner has been granted the relief sought.  It is also presumed that Petitioner is in agreement with the motion to dismiss that this case is moot and there is no longer a case or controversy between the parties.  Nevertheless, Petitioner is expressly advised herein that if he contends his case is *not* moot, he may file an objection to this report and recommendation within fifteen days.

In light of Petitioner's asserted release from custody, and because it appears that Petitioner has now received all the relief sought in the petition (release from custody), Respondent's motion to dismiss, doc. 8, should be granted.  This § 2241 petition is now legally moot and should be dismissed as such.

It is respectfully **RECOMMENDED** that Petitioner James Michael Weaver's § 2241 petition, doc. 1, should be **DISMISSED as moot** as Petitioner has been released from Respondents' custody.

**IN CHAMBERS** at Tallahassee, Florida, on June 14, 2006.

    s/    William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**